## No. 2410.

### WILLIAM MUNCH v. THE STATE.

PRACTICE—CHARGE OF THE COURT—FORMER CONVICTION was the defense specially pleaded to this prosecution. Exception to the sufficiency of the special plea was interposed by the State. The trial court ignored the exception and admitted evidence *pro and con* upon the issue raised by the special plea. *Held*, that in this state of case the special plea presented an issue for the determination of the jury, and the trial court erred in not submitting that issue to the jury under proper instruction.

APPEAL from the County Court of Colorado. Tried below before the Hon. Charles Riley, County Judge.

The conviction in this case was for playing cards in a public place, and the penalty assessed against the appellant was a fine of ten dollars.

The question involved in the disposition of this appeal does not require a statement of the evidence.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant's plea of former conviction was defective in not sufficiently setting out the portions of the former record and judgment necessary to illustrate it, and it was excepted to by the State. The exception, however, does not appear to have been acted upon by the court. On the contrary, the plea was treated as a valid plea, and evidence *pro and con* upon it was adduced at the trial.

Under the circumstances, it was the province and duty of the jury to pass upon and say whether it was true or untrue. This they were not required to do, because the court failed and omitted to submit it to them in the charge. This was error, for which the judgment must be reversed. (See the question fully discussed in Gresham v. The State, 19 Texas Ct. App., 504.)

*Reversed and remanded.*